**Jerry DORAN, Plaintiff–Appellant,**

v.

**DEL TACO, INC.; et al., Defendants–Appellees.**

**No. 05–55942.**

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed May 21, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Scottlynn J. Hubbard, IV, Esq., Law Offices of Lynn J. Hubbard, IV, Chico, CA, for Plaintiff–Appellant.

John Everett, Law Offices of John J. Everett, San Diego, CA, for Defendants–Appellees.

Before: FARRIS and GOULD, Circuit Judges, and DUFFY **, District Judge.

### MEMORANDUM ***

Jerry Doran alleged discrimination in violation of Title III of the Americans with Disabilities Act and related disabled access provisions of California law by Del Taco, Inc. and the James and Betty Walton Family Trust. We review the district court's decision to deny attorneys' fees for abuse of discretion. *Barrios v. Cal. Interscholastic Fed'n*, 277 F.3d 1128, 1133 (9th Cir.2002). The district court "abuses its discretion if its ruling on a fee motion is based on an inaccurate view of the law." *Id.* We vacate and remand.

A prevailing ADA plaintiff may recover reasonable attorneys' fees. 42 U.S.C. § 12205. *Norris v. Sysco Corp.* discussed four factors relevant to attorneys' fees determinations when a plaintiff is a "prevailing party" but recovers no damages or only a small amount of damages: "why other relief was not awarded, what public

purposes were served, how ubiquitous and wrongful the defendant's conduct was, and the strength of the discriminatory motive." 191 F.3d 1043, 1051 (9th Cir.1999). Those factors "are neither comprehensive, nor exclusive, nor required in every case." *Id.* at 1052. Instead, the district court must consider "all facets of a case." *Id.* at 1051–52.

The *Norris* factors may be difficult to analyze without pre-litigation notice and opportunity to cure. However, the district court should have either set a reasonable fee award using the flexible, fact-specific approach described by *Norris* or given specific, valid reasons for its denial of fees. Instead it denied fees by subjecting Doran to a requirement not found in the ADA or the case law. *Cf. Fischer v. SJB–P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir.2000). Each party shall bear its own costs on appeal.

VACATED and REMANDED.

---

** The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.